UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MATTHEW O'NEAL, PETROTECH SOLUTIONS, LLC<br><br>*Plaintiff/Counterclaim Defendants*,<br><br>v.<br><br>BAKER HUGHES OILFIELD OPERATIONS, LLC AND BAKER PETROLITE, LLC,<br><br>*Defendants/Counterclaim Plaintiffs*. | CASE NO.: 5:19-CV-01350<br><br>CHIEF JUDGE S. MAURICE HICKS<br><br>MAGISTRATE JUDGE HAYES |

## MEMORANDUM IN SUPPORT OF COUNTERCLAIM PLAINTIFFS' MOTION TO STAY AND COMPEL ARBITRATION

**NOW INTO COURT**, through undersigned counsel, come Defendants/Counterclaim Plaintiffs Baker Hughes Oilfield Operations LLC and Baker Petrolite LLC (collectively, "Baker Hughes" or "Counterclaim Plaintiffs"), which respectfully submit this memorandum in support of their motion to stay evaluation of Plaintiff Matthew O'Neal's ("O'Neal") claims that the non-competition and non-solicitation provisions of his Employee Agreement are unenforceable and compel O'Neal to arbitrate his claims. Arbitration is the only appropriate remedy pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA") and O'Neal's Employee Agreement with Baker Hughes Oilfield Operations LLC.

O'Neal entered into a valid and enforceable agreement with Counterclaim Plaintiffs allowing himself or the company to arbitrate "any controversy or claim arising out of relating to . . . breach of this Agreement …." The claims asserted by O'Neal in his Petition for Declaratory Judgment fall squarely within the scope of the valid and enforceable arbitration provision in the

Employee Agreement. Thus, the prosecution of his claims should be stayed pursuant to, 9 U.S.C. § 3, and, if O'Neal elects to proceed and continue to breach his agreements not to compete with any Baker Hughes entities and not to solicit Counterclaim Plaintiffs' customers or employees, any further pursuit of the claims should only be through arbitration pursuant to the Employee Agreement.

## I.  FACTUAL BACKGROUND

Baker Hughes is a leading provider of energy services in Louisiana and Texas and around the world. Baker Hughes Oilfield Operations LLC and Baker Petrolite LLC, subsidiaries of Baker Hughes, provide oilfield services in areas including North Louisiana, East Texas, and South Arkansas, territories where O'Neal provided services to their clients. Baker Hughes hired O'Neal in May 2011. On or around May 11, 2011, Baker Hughes and O'Neal executed an Employee Agreement (the "Agreement"), which is the subject of O'Neal's Petition for Declaratory Judgment. A true and correct copy of that Agreement is attached as **Exhibit 1**.

As part of the Employee Agreement, O'Neal agreed that any controversy or claim arising out of his employment (including a breach of the Agreement) may be submitted to arbitration at the request of either party. Even in seeking arbitration, however, a party may seek injunctive relief in a court of competent jurisdiction. The arbitration provision states as follows:

> ARBITRATION. **Either Employee or Company may elect to submit any controversy or claim arising out of or relating to Employee's employment**, including but not limited to termination and the manner or reason thereof, or the breach of this Agreement, and claims arising under federal or state law for discrimination based on age, sex, race, disability, national origin, or other Impermissible basis, **to binding arbitration for final settlement** in accordance with the rules of the American Arbitration Association. Judgment upon an arbitral award may be entered in any court having jurisdiction thereof. Either Employee or Company without any restriction and without limiting their right to arbitration may seek equitable remedies, including Injunctive relief and specific performance, in any court of competent jurisdiction concerning disputes involving paragraphs 1, 2, 3, 4, and 5. Venue for arbitration shall be Houston, Texas, and the arbitral tribunal shall use the laws

of the State of Texas, exclusive of the choice of law provisions, In construing and interpreting the terms of this Agreement.

Exhibit 1, Paragraph 17 (emphasis added).

On September 16, 2019, O'Neal unexpectedly resigned from Baker Hughes. Shortly thereafter, Baker Hughes became aware that O'Neal had taken employment with PetroTech Solutions, LLC ("PetroTech"), a direct competitor of Baker Hughes Oilfield Operations LLC and Baker Petrolite LLC in the North Louisiana, East Texas, and South Arkansas markets. Prior to terminating his employment, and as more fully detailed in Baker Hughes's Answer and Verified Counterclaim (Rec. Doc. 5), O'Neal copied thousands of files containing trade secrets and other confidential information from his Baker Hughes work computer to an external storage drive. Preliminary forensic investigations have revealed that O'Neal has transferred this data to his PetroTech work computer and suggest that he has used the information to unlawfully compete with Baker Hughes.

On the same day he terminated his employment with Baker Hughes and began working for PetroTech, O'Neal filed a Petition for Declaratory Judgment in the 26th Judicial District Court for Bossier Parish seeking to invalidate the non-competition and non-solicitation provisions of his Employee Agreement with Baker Hughes. (*See* R. Doc. 1-1).[1] On October 24, 2019, this Court issued a Temporary Restraining Order preventing O'Neal from using or disclosing any of Baker Hughes's confidential information, and Order which was extended indefinitely pending ongoing settlement negotiations between the parties on January 17, 2020. (R. Docs. 15, 31). On May 15,

---

[1] On October 22, 2019, Baker Hughes filed its Answer and Verified Counterclaim, in which the arbitration provision was highlighted and Baker Hughes expressed its intention to resolve this dispute on the merits via arbitration in accordance with the Agreement. (R. Doc. 5, ₱ 7, 34, 53). Baker Hughes concurrently filed a Motion for Temporary Restraining Order and to Set Hearing for Preliminary Injunction, in which Baker Hughes again expressed its intention to have the merits of the dispute resolved in arbitration. (*See* R. Doc. 6 at 4-5; R. Doc. 6-1).

{N4018418.1}

2020, the Court entered a preliminary injunction, effectively extending the restrictions originally issued in the Temporary Restraining Order through a final resolution of this dispute on the merits. (R. Doc. 33). Baker Hughes files the current motion to stay any evaluation of the merits by this Court and compel arbitration pursuant to the arbitration provision in the Agreement.

## II.  LAW AND ARGUMENT

The "party seeking to compel arbitration must first establish the existence of an arbitration agreement subject to the Federal Arbitration Act." *Lester v. Advanced Envtl. Recycling Techs., Inc.*, 248 F. App'x 492, 494 (5th Cir. 2007) (citing 9 U.S.C. § 1). "Because of the strong presumption in favor of arbitration, the burden shifts to the party opposing arbitration to demonstrate either that the agreement is invalid or, at a minimum, to allege the dispute is outside of the agreement's scope." *Grant v. Houser*, 469 F. App'x 310, 315 (5th Cir. 2012) (citing *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004)). The FAA mandates the arbitration of O'Neal's claims because O'Neal explicitly agreed to do so at the election of Baker Hughes in his Employee Agreement. The arbitration provision unambiguously covers O'Neal's claims and is valid and enforceable.

### A.  The FAA Mandates Arbitration of the Claims

The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another under a written agreement for arbitration may petition any United States district court… for an order directing that arbitration proceed in the matter provided for in such agreement." 9 U.S.C. § 4.[2] "Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national

---

[2] The FAA applies to a "written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction…" 9 U.S.C. § 2. A matter "involves" commerce under the FAA if it merely "affects" commerce. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 274 (1995). The Agreement in this case and the dispute arising under it clearly affect commerce – the entire question at issue is whether O'Neal can engage in a business directly competitive with his former business and whether his means of doing so constitutes unlawful business practices.

policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). The principal purpose of the FAA is "to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

The FAA mandates "rigorous" enforcement of arbitration agreements. *Am. Express Co. v. Italian Colors Restaurant*, 133 S.Ct. 2304, 2309 (2013). The FAA reflects "both a 'liberal federal policy favoring arbitration,' and the 'fundamental principle that arbitration is a matter of contract.'" *AT&T Mobility LLC*, 563 U.S. at 339 (internal citations omitted) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010)). Pursuant thereto, "[t]he party seeking to compel arbitration need only prove the existence of an agreement to arbitrate by a preponderance of the evidence." *Grant*, 469 F. App'x at 315 (citing *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538 (5th Cir. 2005) (per curiam)).

Here, the language of the Employee Agreement clearly compels arbitration. While the language in the arbitration clause may at first glance seem to be permissive, courts have consistently read such language to be permissive only in that it allows any party to a dispute to compel arbitration. *See Allen v. Regions Bank*, 389 Fed. Appx. 441 (5th Cir. 2010) (reversing a district court's decision not to compel arbitration based on a clause similar to the clause in O'Neal's contract); *Patel v. Regions Bank*, No. 18-CV-00796, 2019 U.S. Dist. LEXIS 106317 (M.D. La. Jun. 25, 2019). In *Patel v. Regions Bank*, the Middle District of Louisiana compelled arbitration of a claim arising out of a consumer credit card agreement. 2019 U.S. Dist. LEXIS 106317, at *2-4. The arbitration provision in the *Patel* agreement read as follows: "Except as expressly provided

herein, you and we agree that either party may elect to resolve by BINDING ARBITRATION any controversy…between you and us…If either party elects to arbitrate, the Claim shall be settled by BINDING ARBITRATION under the Federal Arbitration Act ("FAA")." *Id.*, at *5-6. The court held that the arbitration agreement was valid and binding and compelled the plaintiff to arbitrate his claims. *Id.*, at *12 (emphasis in original).

Similarly, the court should compel O'Neal to arbitrate the present dispute. The language in the Employee Agreement allows *either* party to elect to submit "*any controversy or claim*" to arbitration. As such, the plain language of the agreement gives both Baker Hughes and O'Neal the chance to decide whether each individual claim should be determined by an arbitration, and if either elects to, arbitration is mandated. Here, consistent with the contract, Baker Hughes is moving for submission of O'Neal's claims regarding the validity of certain provisions of the Employee Agreement as well as its own claims concerning trade secret theft and breach of contract (as fully detailed in the Answer and Verified Counterclaim, Rec. Doc. 5) to binding arbitration.

### B. O'Neal's Claims are Covered by the Arbitration Provision of the Employee Agreement

Strong federal policy favoring arbitration for dispute resolution "requires a liberal reading of arbitration agreements" in favor of coverage. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24–25. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* "[T]here is a strong presumption in favor of arbitration under the FAA." *Grant v. Houser*, 469 F. App'x 310, 315 (5th Cir. 2012) (citing 9 U.S.C. § 2; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24).

In his Petition for Declaratory Judgment, O'Neal raises claims that "the Choice of Law Clause, Non-Competition Provision and the Customer Non-Solicitation Provision contained in the

{N4018418.1}

Employee Agreement…are null and void." (Rec. Doc. 1, at 8.). These claims all fall squarely within the purview of the arbitration provision of the Employee Agreement. All of O'Neal's claims are directly related to the "termination and the manner…thereof" of his employment with Baker Hughes. Exhibit 1, par. 17. His desire to compete with Baker Hughes and solicit its employees and customers are directly related to the business he conducted while employed by Baker Hughes and his leaving to work for competitor PetroTech. *See Delta Fuel Co. v. Abbott*, No. 1:18-CV-01334, 2019 U.S. Dist. LEXIS 137995, at *14 (W.D. La. Jun. 14, 2019) (holding that claims related to an employment contract were subject to arbitration under a broad arbitration clause). Accordingly, the Court should stay evaluation of O'Neal's counterclaims and compel him to arbitrate them.

### C. The Court Should Stay Evaluation of the Claims and Compel Arbitration

Presently, the claims by O'Neal in his Petition as well as any evaluation other than grants of injunctive relief on Baker Hughes's counterclaims are subject to arbitration. The FAA states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Accordingly, because all of O'Neal's claims are within the purview of the arbitration provision, the Court should stay the prosecution of those claims.

Additionally, if O'Neal fails to submit his claims for arbitration within thirty days of the stay, the claims should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014) ("We have held that a district court lacks subject matter jurisdiction over a case should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration.").

### III. CONCLUSION

Matthew O'Neal signed an Employee Agreement that contained an unambiguous and valid arbitration provision. The arbitration provision covers disputes such as those raised in his Petition for Declaratory Judgment. The Agreement falls within the bounds of the Federal Arbitration Act, which carries a strong public policy in favor of arbitration. Although the coverage of these disputes by the Employee Agreement is clear, any dispute as to coverage should be resolved in favor of arbitration. Therefore, the Court should stay evaluation on the merits of O'Neal's claims and order that the merits of all claims in this matter be decided by an arbitrator in accordance with O'Neal's Employee Agreement with Baker Hughes.

Respectfully submitted on May 22, 2020.

*/s/ Joseph F. Lavigne*
JOSEPH F. LAVIGNE  (LA #28119)
JACOB J. PRITT (LA #38872)
***Jones Walker, LLP***
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8000
Facsimile:  (504) 582-8015
Email:  jlavigne@joneswalker.com
Email:  jpritt@joneswalker.com

***COUNSEL FOR DEFENDANTS/COUNTERCLAIM PLAINTIFFS BAKER HUGHES OILFIELD OPERATIONS, LLC AND BAKER PETROLITE, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Joseph F. Lavigne*

{N4018418.1}