**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| MATTHEW O'NEAL | CIVIL ACTION NO. 19-1350 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BAKER HUGHES OILFIELD OPERATIONS, LLC, ET AL. | MAGISTRATE JUDGE HAYES |

**CONSENT TEMPORARY RESTRAINING ORDER**

Considering the Verified Motion for Temporary Restraining Order (the "Motion") filed by Counterclaim Defendant PetroTech Solutions, LLC ("PetroTech"), and, based upon Baker Hughes Oilfield Operations, LLC and Baker Petrolite, LLC's (jointly "Baker Hughes") agreement to enter into this Consent Temporary Restraining Order, the Court concludes that the Motion should be granted.

The Court finds that PetroTech has demonstrated that it will likely succeed on the merits on its contention that it is not bound to arbitrate the counterclaims asserted by Baker Hughes against PetroTech; that PetroTech will likely suffer irreparable harm should Baker Hughes be permitted to proceed against PetroTech in the American Arbitration Association arbitration proceeding entitled *Baker Hughes Oilfield Operations, LLC and Baker Petrolite, LLC v. Matthew O'Neal and PetroTech Solutions, LLC*, AAA No. -- -- -- initiated by Baker Hughes on June 29, 2020 (the "Arbitration"); and that both the balance of hardships and the public interest factors favor granting a temporary restraining order. Therefore,

**IT IS HEREBY ORDERED THAT:**

(1) Baker Hughes shall, no later than five (5) days of the entry of this Order, dismiss Petrotech from the Arbitration, without prejudice to Baker Hughes' right to re-file

against PetroTech in the Arbitration should the Court grant Baker Hughes' Motion to Compel Arbitration [Rec. Doc. 34] as to PetroTech;

(2) Baker Hughes, and anyone acting on its behalf, be and are hereby restrained from proceeding against PetroTech in the Arbitration, unless and until such time as this Court grants Baker Hughes' Motion to Compel Arbitration as to PetroTech;

(3) This Consent Temporary Restraining Order shall be and is hereby effective through and until the Court's ruling on Baker Hughes' Motion to Stay and Compel Arbitration. Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Court notes that Baker Hughes has consented to this extension for the effectiveness of the Consent Temporary Restraining Order and the Court finds good cause exists therefor; and

(4) Nothing in this Consent Temporary Restraining Order shall affect Baker Hughes' rights to compel Matthew O'Neal ("O'Neal") to arbitrate the claims between O'Neal and Baker Hughes.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of July, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT